UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

Plaintiffs,

v.

U.S. BUREAU OF LAND MANAGEMENT, *et al.*,

Defendants.

Case No. 1:26-cv-07042-CDB

ORDER GRANTING UNOPPOSED MOTION OF NONPARTY ST. CLOUD MINING COMPANY TO INTEVENE

(Doc. 44)

Clerk of the Court to Docket Proposed Answer-In-Intervention (Doc. 44-1, Exhibit A)

Pending before the Court is the motion to intervene of nonparty St. Cloud Mining Company ("St. Cloud"), filed October 10, 2026. (Doc. 44). Plaintiffs Center for Biological Diversity, the Amargosa Conservancy, and the Timbisha Shoshone Band of California ("Plaintiffs") and Defendants the U.S. Bureau of Land Management and Bill Groffy ("Defendants") timely filed statements of non-opposition. (Docs. 46, 47). The Court deemed the motion suitable for disposition without hearing or oral argument and vacated the motion hearing set for December 1, 2026. (Doc. 49) (citing Local Rule 230(g)). For the reasons set forth herein, the Court will grant St. Cloud's unopposed motion to intervene.

## I. Relevant Background

Plaintiffs initiated this action in the Central District of California with the filing of a complaint on February 4, 2026. (Doc. 1). In their complaint, Plaintiffs challenge Defendants'

failure to comply with certain provision of the Endangered Species Act requiring consultations with the U.S. Fish and Wildlife Service prior to Defendants' approval of the Ash Meadows Mine Plan of Operations Modification (the "Project"), which Plaintiffs contend will cause damage to certain flora found in the affected areas of the Project. *See id.* On September 2, 2026, the referred magistrate judge in the Central District of California granted Defendants' motion to transfer the case to this District. (Doc. 38).

## II. <u>Governing Authority</u>

A nonparty may move to intervene in a lawsuit under Federal Rule of Procedure 24. Fed. R. Civ. P. 24. Rule 24 permits two types of intervention: (1) intervention as of right and (2) permissive intervention. *See* Fed. R. Civ. P. 24(a), (b). "An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: '(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Prete*, 438 F.3d at 954. "Failure to satisfy any one of the requirements is fatal to the application[.]" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citing *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986)).

## III. <u>Discussion</u>

St. Cloud moves the Court for leave to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. It asserts that it is the operator and the holder of the approved Project (a locatable mining operation on federal land administered by BLM in San Bernardino County, California, near Death Valley Junction) that Defendants issued in July 2025 and is the entity whose drilling activities Plaintiffs seek to halt by this action.

///

1. *Timeliness*

Three factors guide whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of [any] delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). "Delays are measured from the time when a proposed intervenor 'should have been aware that [its] interests would not be adequately protected by the existing parties.'" *In re Williams Sport Rentals, Inc.*, No. 2:17-cv-00653-KJM-JDP, 2023 WL 3344092, at *3 (E.D. Cal. May 9, 2023) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

The Court finds that St. Cloud's motion to intervene was timely filed. Specifically, St. Cloud moved to intervene well before this case has been scheduled and before discovery has commenced. Given that the motion was filed at an early stage of the proceedings, allowing St. Cloud to intervene would not unduly prejudice other parties. *Citizens for Balanced Use*, 647 F.3d at 897 ("The motion to intervene was made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings. These are traditional features of a timely motion.").

2. *Significant Protectable Interest and Practical Impairment of that Interest*

"'Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balanced Use*, 647 F.3d at 897 (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.*

St. Cloud unquestionably has demonstrated it has a significant protectable interest in this action as the operator and the holder of the approved Project. St. Cloud has shown that any grant of the relief Plaintiffs seek likely would extinguish the approval St. Cloud has received to proceed with the Project.

"Generally, after determining that the applicant has a protectable interest, courts have little difficulty concluding that the disposition of the case may affect such interest." *Ruiz v. U.S. Immig.*

*and Customs Enforcement*, No. 1:26-cv-02546-JLT-CDB, 2026 WL 1329751, at *9 (E.D. Cal. May 13, 2026) (quoting *Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012)) (internal quotation and citation omitted). As set forth above, St. Cloud's interest identified above may be affected by the disposition of this case.

3. *Inadequacy of Representation*

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). The Court examines "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (quoting *Arakaki*, 324 F.3d at 1086).

Here, "the disposition of this action may, as a practical matter, impair or impede [St. Cloud's] ability to protect their interest." *Id.* As summarized above, granting Plaintiffs the injunctive relief they seek will detrimentally affect St. Cloud's ability to proceed with the Project. Without intervention, St. Cloud would be relegated to relying on Defendants to defend its present and future interests regarding the Project. And St. Cloud persuasively argues that Defendants' practical and equitable interests in the Project may diverge from St. Cloud's interests in important respects, considering the governmental-versus-private entity dynamics inherent in proceeding with the Project (*see* Doc. 44 at 15-16). *See, e.g., Fresno Cnty. v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980) (noting that a governmental agency's unwillingness to pursue arguments favorable to a proposed private-entity-intervenor reflects inadequacy of representation under Rule 24(a)(2)).

* * * * *

In short, because the Court finds that the Rule 24(a)(2) factors all weigh in favor of granting St. Cloud's unopposed motion to intervene, the Court will grant the motion and decline to address St. Cloud's argument in the alternative that permissive intervention should be granted under Rule 24(a)(2).

///

## IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to intervene of St. Cloud Mining Company (Doc. 44) is GRANTED;
2. The Clerk of the Court is DIRECTED to add Intervenor St. Cloud Mining Company as Intervenor-Defendant to this action; and
3. The Clerk of the Court is DIRECTED to file the proposed answer-in-intervention on behalf of Intervenor-Defendant St. Cloud Mining Company (Doc. 44-1 at Exhibit A) on the docket as St. Cloud's operative responsive pleading.

IT IS SO ORDERED.

Dated: **November 24, 2026**

UNITED STATES MAGISTRATE JUDGE